USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONNELL BRIDGES,

                Plaintiff,

-against-

THE STATE OF NEW YORK CORRECTIONAL SERVICES *and the employees that are named in this civil action, the Department of Medical services;* DR. JANIS; THOMAS GRIFFIN; ARCL. KOENISMANN; DR. F.BERNSTEIN; DR. Y. KOROBOVA; R. BENTIVEGNA, M.D.; E. PAGAN; N.A. DAWN OSSELMANN; MONTEFIORE MOUNT VERNON HOSPITAL; DR. PENNSYLVANIA,

                Defendants,

No. 17-cv-2220(NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

    Plaintiff Donnell Bridges commenced the instant action against Defendants Dr. Janis, Thomas Griffin, Arcl. Koenismann, Dr. F. Bernstein, Dr. Y. Korobova, R. Bentivegna, E. Pagan, N. A. Dawn Osselmann, Dr. Pennsylvania, and Montefiore Mount Vernon Hospital seeking relief for constitutional violations under 42 U.S.C. § 1983. ("Complaint," ECF No. 2.) Plaintiff has filed a motion to disqualify Defendants' counsel and a cross motion for summary judgment. (ECF Nos. 60 & 61.) Plaintiff has also submitted a letter requesting that the Court order the Clinton Correctional Facility to allow Plaintiff to make copies and use certified mail despite his lack of funds. For the following reasons, Plaintiff's motions and letter request are DENIED.

## BACKGROUND[1]

On July 6, 2017, the Court issued an Order of Service (the "July 2017 Order") which (1) dismissed Plaintiff's claims against former-Defendant City of Mount Vernon, (2) denied Plaintiff's motion for the appointment of counsel without prejudice to renew (3) directed the New York State Attorney General's Office ('NYSAG") to ascertain the service address for defendant E. Pagan (4) directed the Clerk of Court to mail a copy of the Order and information package to Plaintiff, (5) directed the Clerk of Court to issue a summons, and (6) directed the Clerk of Court to serve a copy of the order of service on Defendants' counsel. (ECF No. 13.) The docket reflects that a copy of the July Order was mailed to Defendants' counsel on July 7, 2017. On July 10, 2017, an information package was mailed to Plaintiff which included, among other materials, the July Order, the Court's individual rules of practice, and instructions for *pro se* litigants.

On July 31, 2018, the Court issued a second Order of Service (the "July 2018 Order") in response to correspondence received from the NYSAG regarding the service address for E. Pagan. (ECF No. 41.) By letter dated November 13, 2018 and filed on February 20, 2019, Plaintiff moves to disqualify Defendants' counsel on the basis that counsel tampered with a court order. Plaintiff alleges that he received a copy of the July 2017 Order purportedly "issued by" Defendants' counsel and "signed" by Judge Roman. In September 2018, Plaintiff received a subsequent order which is identical to the July 2017 Order but was purportedly tampered with by

---

[1] The factual and procedural background here is discussed only to the extent that the background pertains to the motion currently before the Court.

defense counsel.² Based on the alleged misconduct, Plaintiff believes defense counsel should be disqualified and the court should impose disciplinary measures, including sanctions.

## LEGAL STANDARD

"The authority of federal courts to disqualify attorneys derives from their inherent power to 'preserve the integrity of the adversary process.' " *Hempstead Video, Inc. v. Incorporated Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (quoting *Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)). In determining whether to disqualify an attorney, courts must "balance 'a client's right freely to choose his counsel' against 'the need to maintain the highest standards of the profession.' " *Hempstead Video*, 409 F.3d at 132 (quoting *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir. 1978)). "District courts have broad discretion to disqualify attorneys, but it is a 'drastic measure' that is viewed with disfavor in this Circuit." *Ritchie v. Gano*, No. 07-cv-7269, 2008 WL 4178152, at *2 (S.D.N.Y. Sept. 8, 2008) (collecting cases). Such disfavor "probably derives from the fact that disqualification has an immediate adverse effect on the client by separating him from counsel of his choice, and that disqualification motions are often interposed for tactical reasons." *Bd. of Educ. v. Nyquist*, 590 F.2d at 1246.

"Recognizing the serious impact of attorney disqualification on the client's right to select counsel of his choice, [the Second Circuit has] indicated that such relief should ordinarily be granted only when a violation of the Canons of the Code of Professional Responsibility poses a significant risk of trial taint." *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981). Consequently, "[t]he appearance of impropriety alone does not warrant disqualification."

---

² It appears that Plaintiff refers to the Supplemental Order of Service issued on July 31, 2018, referred to in this Opinion as the September Order. (ECF No. 41.) A copy of the September Order was mailed to Plaintiff on August 1, 2018. No other order was mailed to Plaintiff between that time and the end of September 2018.

3

*Bangkok Crafts Corp. v. Capitolo di San Pietro in Vaticano*, 376 F. Supp. 2d 426, 428 (S.D.N.Y. 2005).

"Despite its reluctance to grant [motions to disqualify counsel], the Court must resolve any doubts in favor of disqualification." *Maricultura Del Norte, S. de R.L. de C.V. v. Worldbusiness Capital, Inc.*, No. 14-cv-10143 (CM), 2015 WL 1062167, at *7 (S.D.N.Y. Mar. 9, 2015) (citing *Arifi v. de Transp. Du Cocher, Inc.*, 290 F. Supp. 2d 344, 349 (E.D.N.Y. 2003)). "Although any doubts are to be resolved in favor of disqualification, the party seeking disqualification bears a heavy burden of demonstrating that disqualification is necessary." *Decker v. Nagel Rice LLC*, 716 F. Supp. 2d 228, 231 (S.D.N.Y. 2010) (citations omitted). " 'Mere speculations will not suffice.' " *A.I. Credit Corp. v. Providence Washington Ins. Co.*, No. 96-cv-7955 (AGS) (AJP), 1997 WL 231127, at *2 (S.D.N.Y. May 7, 1997) (quoting *Paretti v. Cavalier Label Co.*, 722 F. Supp. 985, 987 (S.D.N.Y. 1989)).

## DISCUSSION

### I. Motion to Disqualify Opposing Counsel

Plaintiff contends that Defendants' counsel tampered with the September Order, but he offers nothing to support this allegation. Plaintiff directs the Court to "look at the very top of that court document's [sic] that were issued on the second court order," but the Court is unable to identify any substantive material at the top of the July 2017 and July 2018 Orders beyond the docket information, which is intentionally different for each document to assist users in identifying docket items.

The allegations in Plaintiff's motion amount to mere speculations relating to the alleged tampering, and mere speculations are insufficient to meet the heavy burden faced by Plaintiff in moving for disqualification. *See Decker*, 716 F. Supp. 2d at 231; *A.I. Credit Corp.*, 1997 WL

231127, at *2. Without any indication of wrongdoing by Defendants' counsel, Plaintiff's barebones allegations are also insufficient to support the imposition of sanctions or to warrant suspension. *See Virginia Prop., LLC v. T-Mobile Ne. LLC*, 865 F.3d 110, 118 – 19 (2d Cir. 2017) (reversing a lower court's decision to grant sanctions because the Second Circuit held that there was no evidence of deception); *Hinterberger v. Catholic Health Sys., Inc.*, No. 08-CV-380S(F), 2013 WL 6008961, at *2 (W.D.N.Y. Nov. 13, 2013) (denying the defendants' motion for sanctions against the plaintiffs' attorney because, in part, they failed to show that plaintiffs' counsel acted in bad faith).

## II. Cross-Motion for Summary Judgment

The Court notes that Plaintiff has filed, or attempted to file, a cross-motion for summary judgment.[3] That motion is denied without prejudice as no motion for summary judgment has been filed by Defendants. Moreover, Plaintiff fails to make any substantive arguments and provides any supporting documents. In essence, Plaintiff merely submits a document captioned as a cross-motion and nothing more. The Court notes, however, that a review of the docket reveals that there is a briefing schedule currently in place in anticipation of Defendants' motion to dismiss which is scheduled to be filed on March 18, 2019. (ECF No. 57.)

## III. Letter Request for Order Allowing Copies and Certified Mail

Lastly, Plaintiff submitted a letter to the Court requesting that the Court require the Clinton Correctional Facility to allow Plaintiff to make copies and send mail by certified mail although he does not have funds in his account to pay for those services. The Court denies these requests. Although Plaintiff has been granted permission to proceed *in forma pauperis*, this

---

[3] At certain points in his submissions, Plaintiff refers to the motion as a cross-motion to dismiss. To the extent that he intended his motion to be a cross-motion to dismiss, that motion is also denied, as there is no action by Defendants for the Court to dismiss.

5

status does not include a right to free copies or free certified mail. *See* 28 U.S.C. § 1915; *Benitez v. Mailloux*, 05-CV-1160(NAM)(RFT), 2008 WL 4757361, at *4 (N.D.N.Y. Oct. 29, 2008) ("[A] party [proceeding *in forma pauperis*] is required to pay for copies of such documents even though he has been found to be indigent under this statute."); *Niccolai v. Warden, MCC*, No. 94-CV-5906(PKL)(BAL), 1994 WL 481918, at *1 (S.D.N.Y. Sept. 2, 1994).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for disqualification and cross motion for summary judgment is DENIED. Additionally, the Court DENIES Plaintiff's request for sanctions. The Clerk of the Court is respectfully directed to terminate the motion at ECF Nos. 60 & 61, mail a copy of this Opinion to Plaintiff at his address listed on the docket, and show proof of service on the docket.

Dated: February 25, 2019
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge