UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONNELL BRIDGES,

                  Plaintiff,

-against-

THE STATE OF NEW YORK CORRECTIONAL
SERVICES *and the employees that are named in
this civil action, the Department of Medical
services;* DR. JANIS; THOMAS GRIFFIN; ARCL.
KOENISMANN; DR. F.BERNSTEIN; DR. Y.
KOROBOVA; R. BENTIVEGNA, M.D.; E.
PAGAN; N.A. DAWN OSSELMANN;
MONTEFIORE MOUNT VERNON HOSPITAL;
DR. PENNSYLVANIA,

                  Defendants,

---

No. 17-cv-2220(NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Donnell Bridges, *pro se*, commenced the instant action against Defendants Dr. Janis, Thomas Griffin, Arcl. Koenismann, Dr. F. Bernstein, Dr. Y. Korobova, R. Bentivegna, E. Pagan, N. A. Dawn Osselmann, Dr. Pennsylvania, and Montefiore Mount Vernon Hospital seeking relief for constitutional violations under 42 U.S.C. § 1983. ("Complaint," ECF No. 2.) Plaintiff has filed both a motion to disqualify this court and a third request for the appointment of counsel. (ECF Nos. 64 & 65.) For the reasons discussed below, Plaintiff's motions are DENIED.

## BACKGROUND[1]

    Plaintiff requested the appointment of counsel on March 27, 2017 at the same time he filed his Complaint. (ECF No. 3.) The Court denied Plaintiff's request without prejudice to

---

[1] The factual and procedural background here is discussed only to the extent that the background pertains to the motion currently before the Court.

renewal at a later date. (ECF No. 13.) On or about October 11, 2017, Plaintiff submitted a letter to Defendants' counsel which the Court interpreted as another request for *pro bono* counsel. (ECF No. 28.) The Court again denied Plaintiff's request without prejudice. (ECF No. 36.)

In November 2018, Plaintiff submitted a motion to disqualify Defendants' counsel based on allegations that they forged or tampered with a Court document. (ECF No. 60.) Plaintiff also requested that the Court order the Clinton Correctional Facility to allow Plaintiff to make copies and use certified mail despite his lack of funds. (ECF No. 61.) On February 25, 2019, the Court issued an Opinion denying Plaintiff's motion to disqualify Defendants' counsel and his cross motion for summary judgment. ("February Opinion," ECF No. 63.) The Court also denied Plaintiff's request relating to copies and certified mail. (*Id.*)

Defendants are filing a motion to dismiss this matter. According to the briefing scheduled agreed upon between the parties and the Court, Defendants will file their motion, Plaintiff's opposition to the motion, and their reply by March 18, 2019. (ECF No. 57.)

**LEGAL STANDARDS**

**I.     Appointment of *Pro bono* Counsel**

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308 – 09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit has set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*,

2

877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60 – 62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61 – 62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60 – 61.

## II.  Disqualification

Under 28 U.S.C. § 144, if a judge finds that a movant's affidavit seeking to disqualify him establishes legally sufficient claims of personal bias or prejudice, he must proceed no further and allow another judge to be assigned to the proceeding. 28 U.S.C. § 144. "Where, however, the supporting affidavit is insufficient on its face, this forbearance requirement is not 'triggered.' " *Role v. Eureka Lodge No. 434*, 402 F.3d 314, 318 (2d Cir. 2005) (*per curiam*). Section 455 of the United States Code, in relevant part, requires a judge to recuse himself in any proceeding in which his impartiality might be reasonably questioned or where he has personal bias concerning a party or personal knowledge of disputed evidentiary facts.[2]
28 U.S.C. § 455(a), (b)(1); *United States v. Wolfson*, 558 F.2d 59, 61 (2d Cir. 1977).

---

[2] Section 455(a) contains broader grounds for disqualification than § 144 or § 455(b)(1) and requires a judge to recuse himself in "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir.1987).

Recusal is required both when there is actual bias or partiality and when there is the appearance of partiality. *United States v. El-Gabrowny*, 844 F. Supp. 955, 961 (S.D.N.Y. 1994) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988)). The standard for determining the existence, or nonexistence, of partiality is objective; partiality is determined by first examining the law and facts and then analyzing whether a reasonable person who knows and understands all the relevant information would recuse the judge. *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988); *El-Gabrowny, Corp.*, 844 F. Supp. at 961. Disqualification is typically determined only based upon "extrajudicial conduct . . . not conduct which arises in a judicial context." *Apple v. Jewish Hosp. & Med. Ctr.,* 829 F.2d 326, 333 (2d Cir. 1987). When, as here, the request for disqualification is based on conduct in a judicial context, there are no grounds for recusal unless the moving party shows that the judge acted with pervasive bias, meaning action that is so "extreme as to display clear inability to render fair judgment," also known as pervasive bias. *Liteky v. United States*, 510 U.S. 540, 551 (1994); *McCenzie v. McClatchie*, No. 05-CV-618A(F), 2008 WL 138085, at *2 (W.D.N.Y. Jan. 10, 2008). Motions for recusal fall under the discretion of the district court. *In re Drexel Burnham Lambert Inc.*, 861 F.2d at 1312.

## DISCUSSION

### I. Motion for Appointment of *Pro bono* Counsel

Plaintiff submitted proof that he has attempted to seek counsel independently but has been unable to do so with his motion for the appointment of *pro bono* counsel. However, virtually nothing of significance has changed from time of the Court's order denying Plaintiff's second request for *pro bono* counsel. (ECF No. 36.) Defendants have yet to respond to Plaintiff's Complaint although the Court expects to receive a fully submitted motion to dismiss

4

this month.  At this early stage, there is no indication that Plaintiff's position seems likely to be of substance or that there are particularly complex issues requiring the appointment of *pro bono* counsel.  The Court is also unable to determine that Plaintiff is unable to handle this case without assistance, although this conclusion may change as the action continues.

Therefore, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel at this time, Plaintiff's motion must be denied without prejudice to renew it at a later stage in the proceedings.

**II.	Motion for Disqualification**

Plaintiff's submission is insufficient to support a claim of personal bias, partiality, the appearance of partiality, or personal knowledge of disputed facts.  Plaintiff claims that this Court should recuse itself because it has (1) denied Plaintiff's request for free copies and access to certified mail; (2) denied[3] Plaintiff's request to disqualify Defendants' counsel; and (3) repeatedly denied his requests for the appointment of *pro bono* counsel.  However, Plaintiff's grievances amount to disagreements with the Court's decisions rather than accusations that the Court has exhibited bias or other indicia of partiality in this matter.

First, the Court denied Plaintiff's request that the Court order Clinton Correctional Facility allow him to make copies and utilize certified mail because parties are not entitled to those services free of charge.  Although the Court recognizes that Plaintiff is proceeding *in forma pauperis*, that status, as the Court noted in its February Opinion, "does not include a right to free copies or free certified mail."  *Bridges v. Corr. Servs.*, No. 17-CV-2220(NSR), 2019 WL

---

[3] Plaintiff appears to argue that the Court failed to consider Plaintiff's motion to disqualify Defendants' counsel.  This is inaccurate. The Court addressed Plaintiff's motion in its February Opinion and, after considering Plaintiff's allegations and the facts, reviewing the allegedly tampered with documents, and applying the law, the Court determined that disqualification was not warranted.  *Bridges v. Corr. Servs.*, No. 17-CV-2220(NSR), 2019 WL 917152, at *2 (S.D.N.Y. Feb. 25, 2019).

5

917152, at *3 (S.D.N.Y. Feb. 25, 2019); *see* 28 U.S.C. § 1915; *Benitez v. Mailloux*, 05-CV-1160(NAM)(RFT), 2008 WL 4757361, at *4 (N.D.N.Y. Oct. 29, 2008); *Niccolai v. Warden, MCC*, No. 94-CV-5906(PKL)(BAL), 1994 WL 481918, at *1 (S.D.N.Y. Sept. 2, 1994).

Second, the Court denied Plaintiff's request for the disqualification of Defendants' counsel because Plaintiff provided no basis upon which disqualification was warranted. Plaintiff directed the Court to the allegedly fraudulent documents, but the Court was unable to find any irregularities or otherwise conclude that Defendants' counsel tampered with court documents or attempted to mislead Plaintiff or the Court. *Bridges*, 2019 WL 917152, at *2. Plaintiff claims that by failing to grant his first motion for disqualification, the Court allowed Defendants' counsel to commit perjury and a felony and that the Court should therefore recuse itself. This statement is unsupported; Plaintiff offers nothing to show that the Court's ultimate decision to deny his motion for disqualification was based on bias and not the law. Moreover, Plaintiff is alleging bias for action taken by the Court in the judicial context and is therefore required meet a higher standard by showing that the Court acted with pervasive bias. *Apple v. Jewish Hosp. & Med. Ctr.,* 829 F.2d 326, 333 (2d Cir. 1987); *Liteky v. United States*, 510 U.S. 540, 551 (1994); *McCenzie v. McClatchie*, No. 05-CV-618A(F), 2008 WL 138085, at *2 (W.D.N.Y. Jan. 10, 2008). Plaintiff fails to meet this burden.

Finally, the Court denied Plaintiff's request for the appointment of *pro bono* counsel because, at this stage, *pro bono* counsel is unwarranted. Plaintiff contends that as a *pro se* plaintiff, without any personal legal expertise, the cards are stacked against him and that a failure to provide him with *pro bono* counsel is not fair. The Court acknowledges that it can be difficult for *pro se* plaintiffs to navigate the legal system. However, the Court cannot require attorneys to represent *pro se* litigants in civil cases, such as Plaintiff's case. *See Mallard v. U.S. Dist. Court*

*for the S. Dist. of Iowa*, 490 U.S. 296, 308 – 09 (1989). The Court has discretion to order that the Pro Se Office request an attorney to represent a litigant, but courts do not have funds to pay attorneys in civil matters. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007); *Dukes for Dukes v. NYCERS*, No. 15-CV-3846(JGK), 2018 WL 799165, at *1 (S.D.N.Y. Jan. 30, 2017). "Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Id.* (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 – 73 (2d Cir. 1989)). The Court's denial of Plaintiff's motion for the appointment of *pro bono* counsel is not founded in bias or partiality but is based on the Court's opinion that it cannot determine that *pro bono* counsel is warranted due to the early stage of litigation. Plaintiff's submission contains nothing to indicate that the Court's denial is based on bias, pervasive or otherwise. While the Court again denies Plaintiff's request for the appointment of *pro bono* counsel, it also, once again, does so without prejudice so that Plaintiff may submit his request at a later date once the Court has more information upon which to determine wither *pro bono* counsel is necessary.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for the appointment of *pro bono* counsel is DENIED without prejudice. Additionally, the Court DENIES Plaintiff's motion for disqualification. The Clerk of the Court is respectfully directed to terminate the motion at ECF Nos. 64 and 65, mail a copy of this Opinion to Plaintiff at his address listed on the docket, and show proof of service on the docket.

Dated: March 12, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge