UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONNELL BRIDGES,

                  Plaintiff,

-against-

THE STATE OF NEW YORK CORRECTIONAL SERVICES *and the employees that are named in this civil action, the Department of Medical services;* DR. JANIS; THOMAS GRIFFIN; ARCL. KOENISMANN; DR. F. BERNSTEIN; DR. Y. KOROBOVA; R. BENTIVEGNA, M.D.; E. PAGAN; N.A. DAWN OSSELMANN; MONTEFIORE MOUNT VERNON HOSPITAL; DR. PENNSYLVANIA,

                  Defendants,

No. 17-cv-2220(NSR)

OPINION & ORDER
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/2/19

NELSON S. ROMÁN, United States District Judge

    Plaintiff Donnell Bridges, *pro se*, commenced the instant action against Defendants Dr. Janis, Thomas Griffin, Arcl. Koenismann, Dr. F. Bernstein, Dr. Y. Korobova, R. Bentivegna, E. Pagan, N. A. Dawn Osselmann, Dr. Pennsylvania, and Montefiore Mount Vernon Hospital seeking relief for constitutional violations under 42 U.S.C. § 1983. ("Complaint," ECF No. 2.) Plaintiff has filed motions for summary judgment and for the issuance of an injunction, as well as a fourth request for the appointment of counsel. (ECF Nos. 68 & 69.) For the reasons discussed below, Plaintiff's motions are DENIED.

## BACKGROUND[1]

    Plaintiff requested the appointment of counsel on March 27, 2017 at the same time he filed his Complaint. (ECF No. 3.) The Court denied Plaintiff's request without prejudice to

---

[1] The factual and procedural background here is discussed only to the extent that the background pertains to the motion currently before the Court.

renewal at a later date.  (ECF No. 13.)  On or about October 11, 2017, Plaintiff submitted a letter to Defendants' counsel which the Court interpreted as another request for *pro bono* counsel.  (ECF No. 28.)  The Court again denied Plaintiff's request without prejudice.  (ECF No. 36.)

In November 2018, Plaintiff submitted a motion to disqualify Defendants' counsel based on allegations that they forged or tampered with a Court document.  (ECF No. 60.)  Plaintiff also requested that the Court order the Clinton Correctional Facility to allow Plaintiff to make copies and use certified mail despite his lack of funds.  (ECF No. 61.)  On February 25, 2019, the Court issued an Opinion denying Plaintiff's motion to disqualify Defendants' counsel and his cross motion for summary judgment.  (ECF No. 63.)  The Court also denied Plaintiff's request relating to copies and certified mail.  (*Id.*)  In March 2019, Plaintiff filed a motion to disqualify this Court and a third motion for the appointment of *pro bono* counsel.  (ECF Nos. 64 & 65.)  On March 12, 2019, the Court denied Plaintiff's motions.  (ECF No. 67.)

Defendants are filing a motion to dismiss this matter.  According to the briefing schedule agreed upon between the parties and the Court, all motion papers, including the motion to dismiss, Plaintiff's opposition to the motion, and Defendants' reply, if any, will be filed by April 16, 2019.  (ECF No. 59.)

**LEGAL STANDARDS**

I.   **Appointment of *pro bono* counsel**

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the *Pro Se* Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel.  *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).  However, unlike in criminal proceedings, the Court does not

have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308 – 09 (1989).

In *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60 – 62 (2d Cir. 1986), the Second Circuit has set forth the standards governing the appointment of counsel in *pro se* cases. These cases direct district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61 – 62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60 – 61.

**II.     Summary judgment**

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents [and] ... affidavits or declarations," *id.* at 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The moving party may also support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence

3

[in] support" of such a contention. Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations and citations omitted).

If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a motion for summary judgment should fail. *Id.* at 258; *accord Benn v. Kissane,* 510 F. App'x 34, 36 (2d Cir. 2013) (summ. order). Courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[ ] all reasonable inferences in its favor." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (quotations and citations omitted). The party asserting that a fact is genuinely disputed must support their assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A) – (B). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999).

### III. Preliminary injunction and temporary restraining order[2]

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). In this Circuit, a party seeking a preliminary injunction and restraining order "must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions

---

[2] *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992) ("[The] standards which govern consideration of an application for a temporary restraining order [ ] are the same standards as those which govern a preliminary injunction.").

going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party." *Mullins v. City of New York*, 626 F.3d 47, 52 – 53 (2d Cir. 2010); *see also Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009).

Where a party seeks a mandatory injunction "altering, rather than maintaining, the status quo," such as in this case, that party "must meet [a] more rigorous standard." *Almontaser v. N.Y. City Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir. 2008) (internal alterations omitted); *see also Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995) ("[W]e have required the movant to meet a higher standard where . . . an injunction will alter, rather than maintain, the status quo . . . ."). The moving party must establish a " 'clear' or 'substantial' likelihood of success," or show that "extreme or very serious damage" would result in the absence of preliminary relief. *Tom Doherty Assocs.*, 60 F.3d at 34.

## DISCUSSION

### I. Motion for Appointment of *Pro bono* Counsel

The status of this case is exactly as it was when the Court denied Plaintiff's most recent motion for the appointment of *pro bono* counsel. (ECF No. 67.) Defendants have yet to respond to Plaintiff's Complaint, but the Court expects to receive a fully submitted motion to dismiss by April 16, 2019. (ECF No. 59.) At this early stage, there is no indication that Plaintiff's position seems likely to be of substance or that there are particularly complex issues requiring the appointment of *pro bono* counsel. The Court is also unable to determine that Plaintiff is unable to handle this case without assistance, although this conclusion may change as the action continues.

Therefore, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel at this time, Plaintiff's motion must be denied without prejudice to renew it at a later stage in the proceedings.

## II. Motion for Summary Judgment

Assuming that Plaintiff intended to file a motion for summary judgment, the Court finds such a motion to be improperly submitted and premature. As a threshold matter, this Court's individual rules require parties to submit a letter, not to exceed three pages, requesting a pre-motion conference before filing a motion for summary judgment. Individual Rules of Practice in Civil Cases Rule 3(A)(ii). Plaintiff has not submitted a request for a pre-motion conference on his proposed motion for summary judgment.

Additionally, at this stage in the proceedings, a motion for summary judgment is premature. As discussed above, Defendants have not yet had the opportunity to respond to the Complaint, and Defendants are expected to file their motion to dismiss by April 16, 2019. The Court will consider Plaintiff's submission to the extent that Plaintiff's motion for summary judgment is in fact an opposition to Defendants' motion to dismiss, but any motion for summary judgment is denied without prejudice.

## III. Motion for preliminary injunction and restraining order

In Plaintiff's motion, he requests an injunction and restraining order requiring that Defendants do the following: (1) cease harassing and intimidating Plaintiff; (2) cease communicating with the Clinton Superintendent ("gag order"); (3) allow Plaintiff daily access to the law library and access at Plaintiff's request without any interference; (4) stop discriminating against Plaintiff due to his prostate cancer by not allowing him to work or participate fully in

activities; (5) cease tampering with Plaintiff's outgoing mail; and (6) lend Plaintiff $1,000 to purchase his own typewriter.

Plaintiff does not make even the initial showing required for the Court to grant a motion for preliminary injunction, failing to establish that he will suffer irreparable harm absent injunctive relief. Plaintiff fails to describe the harassment, intimidation, or discrimination he is experiencing in any detail, let alone show how it is causing Plaintiff irreparable harm. Plaintiff also does not show that he will suffer irreparable harm if the Court does not issue the requested gag order or require him to have daily and unfettered access to the law library. While Plaintiff alleges that Defendants are tampering with is mail, the Court continues to receive mail from Plaintiff and Plaintiff does not show how any alleged tampering is causing him irreparable harm. It is also unclear what harm Plaintiff would suffer if the Court did not require Defendants to loan him $1,000 for a typewriter.

Had Plaintiff established irreparable harm, his motion would still be denied because he fails to demonstrate that he is likely to succeed on the merits of the action or that there are sufficiently serious questions going to the merits to make them a fair ground for litigation. Interpreting Plaintiff's motion liberally, he at best makes conclusory statements about his likelihood of success on the merits. Conclusory statements that one is likely to succeed on the merits or that there are sufficiently serious questions going to the merits are not enough to show that a party is entitled to an injunction or a restraining order.[3] *See Sherwyn Toppin Mktg. Consultants, Inc. v. City of New York*, No. 08-CV-1340(ERK)(VVP), 2009 WL 10706652, at *3

---

[3] As part of his motion for summary judgment, submitted in the same envelope as Plaintiff's motion for injunction, Plaintiff notes that he has stated various elements of his claim. The Court interprets these statements as responses to Defendants' motion to dismiss. Even if the Court were to consider those statements as part of his motion for injunction, those statements do not show a likelihood to succeed on the merits or sufficiently serious questions going to the merits. The sufficiency of Plaintiff's statement of a claim to survive a motion to dismiss is separate from the injunction standard.

(E.D.N.Y. June 19, 2009); *Sheehy v. Brown*, No. 06-CV-0341A(SC), 2006 WL 8441718, at *2 (W.D.N.Y. June 14, 2006); *Tusino v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 928 F. Supp. 319, 330 (S.D.N.Y. 1996).

Because Plaintiff has made no showing of irreparable harm, a likelihood of success on the merits, or sufficiently serious questions going to the merits and a balance of hardships which tips decidedly in Plaintiff's favor, Plaintiff's motion for an injunction or restraining order is denied. *See Charity Grp. LLC v. Absolut Spirits Co.*, No. 08-CV-11020(BSJ), 2009 WL 5083398, at *5 (S.D.N.Y. Sept. 30, 2009).

## CONCLUSION

For the foregoing reasons, Plaintiff's motions are DENIED without prejudice. The Clerk of the Court is respectfully directed to terminate the motion at ECF Nos. 68 and 69, mail a copy of this Opinion to Plaintiff at his address listed on the docket, and show proof of service on the docket.

Dated: April 2, 2019  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge