UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNELL BRIDGES,

                            Plaintiff,

        -against-

THE STATE OF NEW YORK CORRECTIONAL
SERVICES *and the employees that are named in
this civil action, the Department of Medical
services;* DR. JANIS; THOMAS GRIFFIN; ARCL.
KOENISMANN; DR. F. BERNSTEIN; DR. Y.
KOROBOVA; R. BENTIVEGNA, M.D.; E.
PAGAN; N.A. DAWN OSSELMANN;
MONTEFIORE MOUNT VERNON HOSPITAL;
DR. PENNSYLVANIA,

                            Defendants,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/24/2020_____

No. 17-cv-2220(NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

        *Pro se* Plaintiff, Donnell Bridges, currently incarcerated at Clinton Correctional Facility

in Dannemorn, New York, brings this action, pursuant to 42 U.S.C. § 1983, alleging, *inter*

*alia*, that certain private doctors and doctors employed by DOCCS violated his rights.  Plaintiff

initially sought to assert claims against the State of New York Department of Corrections and

Community Supervision (DOCCS), certain DOCCS staff, several doctors, and Montefiore Mount

Vernon Hospital (Mt. Vernon Hospital).  However, in his Amended Complaint (ECF No. 87),

Plaintiff does not name Mt. Vernon Hospital, DOCCS, DOCCS Superintendent Thomas Griffin

("Superintendent Griffin"), E. Pagan ("Pagan"), or N.A. Dawn Osselmann ("Osselmann")

(collectively, the "Previously Named Defendants") as defendants.

        The Court is in receipt of several letters from the parties seeking various forms of relief.

*First*, it has received a letter from Mt. Vernon Hospital seeking an Order terminating it from this

action due to Plaintiff's failure to name Mt. Vernon Hospital as a defendant in the Amended

Complaint.  (ECF No. 91.)  *Second*, the Court is in receipt of a letter from Plaintiff, dated September 10, 2020, in which Plaintiff: (1) asserts that his amended complaint is sufficient to survive a motion to dismiss (though no motion to dismiss has been served or filed to date); (2) requests the appointment of *pro bono* counsel for the fourth time since initiating this action; (3) seeks an order compelling Defendants to respond to discovery requests; and (4) seeks an order of summary judgment in his favor.  (ECF No. 90.)  Finally, the Court is in receipt of a letter from Dr. Robert Bentivegna, Dr. Frederick Bernstein, Dr. Yelena Korobkova, and Dr. Carl Koenigsmann (collectively with the "Previously Named Defendants" besides Mt. Vernon Hospital, the "State Defendants"), seeking a pre-motion conference on their proposed motion to dismiss the Amended Complaint.  (ECF No. 96.)

As explained herein, the Court: (1) denies without prejudice Mt. Vernon Hospital's request for an order dismissing Mt. Vernon Hospital; (2) directs Plaintiff to file a Second Amended Complaint no later than December 30, 2020; (3) denies Plaintiff's request for appointment of *pro bono* counsel without prejudice; (4) denies Plaintiff's motion for summary judgment without prejudice; (5) denies Plaintiff's request for an order compelling discovery without prejudice; and (6) waives State Defendants' request for a pre-motion conference and directs State Defendants and Mt. Vernon Hospital to file their motions to dismiss according to the briefing schedule established in this Order.

## I.   Mt. Vernon Hospital's Request for an Order Dismissing Mt. Vernon Hospital

Although the Court granted Defendants motions to dismiss, ECF No. 82, and Plaintiff did not name the Previously Named Defendants as defendants in his Amended Complaint, no order has been issued terminating the Previously Named Defendants to date.  The Court previously ordered Plaintiff to file a Second Amended Complaint no later than September 15, 2020.  (ECF No. 86.)  Plaintiff has not sought to further amend his complaint.  (ECF No. 90.)  Plaintiff did not

seem to understand that his failure to file another amended complaint naming the Previously Named Defendants as defendants may impair his ability to proceed on claims he intended to assert. Indeed, Plaintiff's letter dated September 10, 2020 (ECF No. 90) indicates that he intends to pursue claims against Previously Named Defendants—*e.g.*, he references the Previously Named Defendants in the case caption in his letter. There is no apparent prejudice resulting to the Previously Named Defendants in affording Plaintiff an additional opportunity to amend his complaint. Accordingly, the Court denies without prejudice Mt. Vernon Hospital's request for an order dismissing Mt. Vernon Hospital from the case.

Instead, if Plaintiff intends to pursue claims against the Previously Named Defendants, Plaintiff must file a Second Amended Complaint naming Mt. Vernon Hospital, Superintendent Griffin, Pagan, and/or Osselmann as defendant(s) on or before December 30, 2020.[1] If Plaintiff files a Second Amended Complaint, he should, among other things, attempt to (1) identify each of the defendants that he intends to bring claims against; (2) assert the conduct and actions engaged in by each of the defendants, or whether those defendants were engaged in a conspiracy with co-defendants; and (3) describe how each defendant's conduct amounts to a violation of his civil rights, or otherwise gives rise to liability. Plaintiff is reminded that each time he files an amended complaint, the most recent amended complaint supersedes the preceding complaint(s). In practical terms, this means that Plaintiff cannot argue that his claims asserted in an amended complaint survive a motion to dismiss because of allegations that he only asserted in the preceding complaint. Accordingly, Plaintiff is directed to include all allegations that he wishes to form the basis of his complaint in the Second Amended Complaint. Plaintiff is also reminded to review the Court's Opinion and Order (ECF No. 82) and be aware that certain

---

[1] Of course, Plaintiff does not need to file a Second Amended Complaint if he does not wish to pursue claims against the Previously Named Defendants.

claims against certain defendants were dismissed with prejudice and, accordingly, to the extent he

files a Second Amended Complaint asserting identical claims as those that were dismissed

with prejudice, his Second Amended Complaint may be dismissed on identical grounds.

Regardless of whether Plaintiff files a Second Amended Complaint on December 30, 2020,

the Court waives the pre-motion conference requirement, and issues the following

briefing schedule for Defendants (including the Previously Named Defendants) to file their

motions to dismiss:

1.    Defendants serve (not file) motions to dismiss—*i.e.*, one motion to dismiss on behalf of the State Defendants Koenismann, Bentivegna, Bernstein, Superintendent Griffin, Dr. Janis, Korobova, Osselmann, Pagan, and DOCCS, and one motion on behalf of Mt. Vernon Hospital—on Plaintiff on February 1, 2021;

2.    Plaintiff will serve (not file) his opposition paper(s)—*i.e.*, if Defendants serve two motions to dismiss, Plaintiff may serve two memoranda opposing the two motions to dismiss (or he may instead file a single memorandum opposing both motions to dismiss)—on March 3, 2021;

3.    Defendants will serve their reply papers on March 17, 2021; and

4.    Defendants are further directed to: (i) file their respective motion papers, and Plaintiff's opposition papers on March 17, 2021, and (ii) provide chambers with two copies of their respective motion papers and Plaintiff's opposition papers as they are served.  As long as the Court's Emergency Rules remain in place, Defendants are directed to provide both physical courtesy copies to Chambers and to delivery courtesy copies in electronic form by sending a PDF of the motion papers via electronic mail.

Mt. Vernon Hospital, and the other Previously Named Defendants—*i.e.*, DOCCS,

Superintendent Griffin, Pagan, and Osselmann—are advised that the Court has not issued an order

terminating them from this case and, accordingly, they are directed to file a motion to dismiss

pursuant to the briefing schedule established above, or to answer the Second Amended

Complaint after it is filed and served.

**II.     Plaintiff's Request for Appointment of *Pro Bono* Counsel**

Plaintiff's September 10, 2020 letter represents his fifth request for the appointment of *pro bono* counsel since he first initiated this litigation.  (*See* ECF Nos. 3; 28; 64; 65; 68 & 69.) As with respect to these previous requests, the Court denies Plaintiff's fifth request without prejudice because, at this stage of the litigation, there is no indication that Plaintiff's claim is likely of substance.

Pursuant to 28 U.S.C. §1915(e)(1), the Court may, at its discretion, order that the *Pro Se* Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel.  *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).  However, unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. Of Iowa*, 490 U.S. 296, 308 – 09 (1989).

In *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60 – 62 (2d Cir. 1986), the Second Circuit has set forth the standards governing the appointment of counsel in *pro se* cases.  These cases direct district courts to "first determine whether the indigent's position seems likely to be of substance,"  *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conduced cross-examination to test veracity."  *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 391 (quoting *Hodge*, 802 F.2d at 60 – 61).

The last time the Court evaluated Plaintiff's request for appointment of *pro bono* counsel (ECF No. 70), it determined that there was no indication that Plaintiff's position seems likely to

be of substance or that there are particularly complex issues requiring the appointment of *pro bono* counsel because, in part, Defendants had not yet had an opportunity to respond to Plaintiff's Complaint.  (ECF No. 70 at 5 – 6 .)  Although over one year has passed since that Order, the Court is faced with a similar set of circumstances—*i.e.*, Plaintiff has recently filed his Amended Complaint and Defendants have not yet had an opportunity to oppose the Amended Complaint.  At this stage of the litigation, Plaintiff's claims arguably have less apparent substance than the last time the Court visited this issue insofar as certain of Plaintiff's claims have been dismissed with prejudice (ECF No. 82), Plaintiff's current complaint asserts fewer claims (ECF No. 87), and, as discussed above, Plaintiff appears to have inadvertently omitted the Previously Named Defendants.

Therefore, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel at this time, Plaintiff's motion must be denied without prejudice to renew it at a later stage in the proceedings.

### III.    Plaintiff's Motion for Summary Judgment

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents [and] . . . affidavits or declarations," *id.* at 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact."  *Celotex Corp. v. Catreet*, 477 U.S. 317, 323 (1986).  The moving party may also support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence [in] support" of such a contention.  Fed. R. Civ. P. 56(c)(1)(B).  If the moving party fulfills its preliminary burden, the onus shifts to the non-moving party to identify "specific facts showing

that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations and citations omitted).

If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a motion for summary judgment should fail. *Id.* at 258; *accord Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013) (summ. order). Courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[ ] all reasonable inferences in its favor." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (quotation and citations omitted). The party asserting that a fact is genuinely disputed must support their assertion by "citing to the particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute. Fed. R. Civ. P. 56(c)(1)(A)—(B). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.2d 435, 452 (2d Cir. 1999).

Assuming that Plaintiff intended to file a motion for summary judgment, the Court finds such a motion to be improperly submitted and premature. As the Court explained in its Opinion and Order dated May 2, 2019, (ECF No. 70 at 6), this Court's individual rules require parties to submit a letter requesting a pre-motion conference before filing a motion for summary judgment. Despite this prior admonition, Plaintiff yet again implores this Court to issue an order granting summary judgment without first submitting such a letter.

Moreover, it remains the case that, at this stage in the proceedings, a motion for summary judgment is premature. As discussed above, Defendants have not yet had an opportunity to respond to Plaintiff's Amended Complaint. Additionally, considering the uncertainty concerning Plaintiff's intention to proceed with claims against the Previously Named Defendants, the Court

has invited Plaintiff to amend his Complaint again, on or before December 30, 2020.  Accordingly, Plaintiff's motion for summary judgment is denied without prejudice.

### IV.    Plaintiff's Request to Compel the Production of Documents

Federal Rule of Civil Procedure 26(b)(1) states, in relevant part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ..." "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004); *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (noting that relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."). "While Rule 26(b)(1) provides for broad discovery, courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses." *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004). Further, a plain reading of Rule 26(b)(1) compels the conclusion that "[e]ven where information may be relevant, discovery should not be compelled if the information is privileged or if there is good cause for a protective order." *Id.* at 253 (citing Fed. R. Civ. P. 26(b)(1), 26(c) ).

Plaintiff requests that the Court "issue an order for discovery" and argues that he is entitled to "discovery evidence" including "the First Request for Production of Documents."  (ECF No. 90 at 22.)   Plaintiff has not identified whether: (1) he promulgated discovery requests upon Defendants; (2) Defendants responded and objected to his discovery requests; (3) Defendants produced any documents in response to his discovery requests; or (4) he met and conferred with Defendants in advance of filing his motion to compel discovery.

Plaintiff's request is premature and procedurally deficient for several reasons.  *First*, this Court's individual rules, and Local Civil Rule 37.2 requires that a party moving for the production

of discovery to request an informal conference with the Court before filing of any such motion, and in advance of filing that motion, the moving party is required to meet and confer with the parties upon which it promulgated discovery requests.  Here, Plaintiff neither filed a letter seeking a pre-motion conference, nor submitted any details in his motion indicating that he met and conferred with Plaintiffs concerning his discovery requests.

*Second*, at this stage of the litigation, Plaintiff has been directed to either amend his Complaint, or be prepared to oppose Defendants motions to dismiss.  While motion practice remains pending, and Defendants have not yet had an opportunity to oppose Plaintiff's Amended Complaint, it is premature to establish a discovery plan.  Accordingly, Plaintiff's motion to compel the production of documents is denied without prejudice

### V.    The Court's Order to Show Cause dated October 1, 2018

In Plaintiff's original complaint, Plaintiff named Dr. Pennsylvania—*i.e.*, a yet to be identified medical employee of DOCCS—as a Defendant, and asserted that Dr. Pennsylvania was employed by DOCCS and provided (negligent) medical treatment to Plaintiff.  (ECF No. 2.)  The Court subsequently received correspondence from the New York Attorney General asserting that, based upon a review of Plaintiff's DOCCS medical records, Dr. Bentivegna, who is already named as a Defendant, "is the medical profession who treated Plaintiff" at the relevant time(s).  (ECF No. 45.)  Based on that information, the Court ordered Plaintiff to show cause, on or before October 26, 2018, why the Court should not dismiss "Dr. Pennsylvania" from the instant action.  (ECF No. 53.)  The Court further advised Plaintiff that he can show cause by way of affidavit or other documentation in support of not dismissing "Dr. Pennsylvania" from this action.  (*Id.*)  To date, Plaintiff has not filed any affidavit or other documentation in support of not dismissing "Dr. Pennsylvania" from this action.

Accordingly, Plaintiff is ordered to show cause as to why the Court should not dismiss "Dr. Pennsylvania," on or before December 30, 2020.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions for appointment of counsel, to compel discovery, and for summary judgment are DENIED without prejudice. Mt. Vernon Hospital's request for an order terminating it from this action is also DENIED without prejudice. Plaintiff is directed to file a Second Amended Complaint naming all parties that he seeks to assert claims against on or before December 30, 2020. Regardless of whether Plaintiff files a second amended complaint, Defendants (including the previously named defendants) are directed to serve their motions to dismiss according to the briefing schedule set forth herein. Finally, Plaintiff is directed to show cause as to why this Court should not dismiss "Dr. Pennsylvania," on or before December 30, 2020.

The Clerk of the Court is kindly directed to terminate ECF No. 96. The Court of the Clerk is further directed to mail a copy of this Opinion and Order to the *pro se* Plaintiff at the address listed on ECF and file proof of service on the docket.

Dated:   November 24, 2020                                    SO ORDERED:
         White Plains, New York

                                                             NELSON S. ROMÁN
                                                          United States District Judge