UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNELL BRIDGES,

                Plaintiff,

  -against-

THE STATE OF NEW YORK CORRECTIONAL SERVICES *and the employees that are named in this civil action, the Department of Medical services;* DR. JANIS; THOMAS GRIFFIN; ARCL. KOENISMANN; DR. F. BERNSTEIN; DR. Y. KOROBOVA; R. BENTIVEGNA, M.D.; E. PAGAN; N.A. DAWN OSSELMANN; MONTEFIORE MOUNT VERNON HOSPITAL; DR. PENNSYLVANIA,

                Defendants,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/4/2021

No. 17-cv-2220(NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    *Pro se* Plaintiff, Donnell Bridges, currently incarcerated at Clinton Correctional Facility in Dannemorn, New York, brings this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that certain private doctors and doctors employed by DOCCS violated his rights. Plaintiff initially sought to assert claims against the State of New York Department of Corrections and Community Supervision (DOCCS), certain DOCCS staff, several doctors, and Montefiore Mount Vernon Hospital (Mt. Vernon Hospital).

    The Court is in receipt of a letter application from Plaintiff, dated August 12, 2021 (ECF No. 122), in which Plaintiff requests the appointment of *pro bono* counsel for the sixth time since initiating this action (*see* ECF Nos. 3; 28; 64; 65; 68, 69, 90.) As with respect to these previous requests, the Court denies Plaintiff's sixth request without prejudice because, at this stage of the litigation, there is no indication that Plaintiff's claim is likely of substance.

Pursuant to 28 U.S.C. §1915(e)(1), the Court may, at its discretion, order that the *Pro Se* Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). However, unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. Of Iowa*, 490 U.S. 296, 308 – 09 (1989).

In *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60 – 62 (2d Cir. 1986), the Second Circuit has set forth the standards governing the appointment of counsel in *pro se* cases. These cases direct district court to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conduced cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 391 (quoting *Hodge*, 802 F.2d at 60 – 61).

The last time the Court evaluated Plaintiff's request for appointment of *pro bono* counsel, it determined that there was no indication that Plaintiff's position seems likely to be of substance or that there are particularly complex issues requiring the appointment of *pro bono* counsel because, in part, (1) Plaintiff had, at that time, recently filed his Amended Complaint, (2) Defendants had not yet had an opportunity to oppose or answer the Amended Complaint, and (3) Plaintiff's claims did not seem to be of substance insofar as certain of Plaintiff's claims had been dismissed with prejudice. (*See* ECF No. 97.) Though the status of the case is somewhat

different—*i.e.*, there are presently two fully briefed motions to dismiss filed by Defendants (See ECF Nos. 109-121)—there is no indication at this stage that Plaintiff's position seems likely to be of substance or that there are particularly complex issues requiring the appointment of pro bono counsel.  The Court is also unable to determine that Plaintiff is unable to handle this case without assistance, although this conclusion may change as the action continues.

Therefore, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel at this time, Plaintiff's motion must be denied without prejudice to renew it at a later stage in the proceedings.

For the foregoing reasons, Plaintiff's motion for appointment of counsel is DENIED without prejudice.  The Clerk of the Court is kindly directed to terminate ECF No. 122.  The Court of the Clerk is further directed to mail a copy of this Opinion and Order to the *pro se* Plaintiff at the address listed on ECF and file proof of service on the docket.

Dated:   October 4, 2021                                        SO ORDERED:
         White Plains, New York

_____
                                        NELSON S. ROMÁN
                                        United States District Judge